BERTHA JONES AND WALTER JONES, APPELLANTS, v. JULIUS JACZKO, DEFENDANT-RESPONDENT, AND HERBERT GLEICH, DEFENDANT.

Submitted May 29, 1930—Decided February 2, 1931.

For the appellants, *Brenner & Kresch.*

For the respondent, *Charles W. Weeks.*

The opinion of the court was delivered by

HETFIELD, J. This appeal presents the question of whether the trial court properly directed a verdict in favor of the defendant, Julius Jaczko. The action was instituted in the Hudson County Circuit Court, by husband and wife, for damages resulting from injuries received by the wife, and caused by the alleged negligence of the respondent and one Herbert Gleich, as to whom judgment of nonsuit was directed, from which no appeal has been taken.

It appears from the record that on July 4th, 1927, an automobile operated by the defendant Herbert Gleich was proceeding in a southerly direction along the Hudson County Boulevard, in the city of Bayonne, and as the car approached West Eighteenth street, which enters but does not cross the boulevard, it stopped, by reason of a signal given by a traffic officer. The automobile in which the appellants were riding, together with one Mary Rester, was following the Gleich car, and stopped a short distance behind it. Soon after, an automobile owned by the respondent and operated by his son,

Imra Jaczko, crashed into the back of the car in which the appellants were riding, and forced it into the rear of the Gleich auto, with the result that the appellant Bertha Jones was severely injured.

The direction of the trial court was apparently based on the principle as laid down in the case of *Doran* v. *Thomsen,* 76 *N. J. L.* 754, wherein this court held, that where the daughter in using the machine, owned by the father, for her own pleasure, in driving her personal friends, negligently injured a person on the highway, such proof was not sufficient to constitute the daughter the servant or agent of the father, and that a motion for a direction of a verdict for the father should have prevailed.

We think the direction would have been proper had it been given at the close of the defendant's case, as at that time the uncontradicted testimony of both father and son was to the effect that the father, who owned the car, gave the son permission to use same for his own purposes; that the son was driving to a public park with a friend to see some fireworks; that the father was not in the car at the time of the accident, and the son was driving the car solely for his own pleasure. After the defense had rested, Mary Rester, who was riding in the car with the appellants at the time of the accident, testified that she knew the respondent, and that he came to the window of appellants' car after the crash; and when asked on cross-examination if this occurred sometime after the accident, replied: "No, right as the accident was; the car was standing there. He came right to the window when the accident was." The trial court, when directing a verdict for the respondent, stated in effect that no other witness had even intimated that the respondent was at the scene of the accident, and in the court's judgment, the testimony was an afterthought, merely given to hold the respondent. The learned trial judge may have been right in his conclusion, but we think the verity of the testimony should have been determined by the jury and not the court. Had the jury believed this witness, it could have inferred from her evidence that the respondent was in his car at the time

of the accident, and by reason thereof, the relation of master and servant existed between him and his son, and held the respondent liable under the doctrine of *respondeat superior*.

A verdict is properly directed for the defendant, when upon the uncontroverted facts a verdict for the plaintiff could not be sustained, but when the testimony would support a finding other than that which is directed, the court is not justified in controlling the verdict.

The judgment under review will therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.